IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DIMAS DELA CRUZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-2041-P-BN |
| | § | |
| DALLAS POLICE DEPARTMENT, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the District Court. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation.

**Background**

This is a civil action brought by Dimas Dela Cruz, appearing *pro se*, against Defendant Dallas Police Department. Plaintiff alleges that the Dallas Police Department failed to respond to his complaint that employees of Waist Management Trash Company are planning to assassinate him. *See* Dkt. No. 1 at 1. Plaintiff claims that the assassins are using a "swiper machine" operated on stairs located at the intersection of Jackson and Harwood Streets in Dallas, Texas to follow him in an effort to "seal a destination" to assassinate him. *See id.*

The undersigned now concludes that this case is frivolous and should be summarily dismissed under 28 U.S.C. § 1915(e)(2).

## Legal Standards

A district court may dismiss a complaint filed *in forma pauperis* if it concludes that the action is frivolous or malicious. *See* 28 U.S.C. § 1915(e)(2). An action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law."). A complaint is without an arguable basis in law if it is grounded upon an untenable, discredited, or indisputably meritless legal theory, including alleged violations of a legal interest that clearly does not exist. *See Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). A claim is factually frivolous when the facts alleged are "clearly baseless," *Neitzke*, 490 U.S. at 327, a category encompassing allegations that are "fanciful," *id.*, at 325, "fantastic," *id.* at 328, and "delusional," *id.*; *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (factual allegations are "clearly baseless" where they "rise to the level of the irrational or the wholly incredible").

## Analysis

Plaintiff was given the opportunity to expound on the factual allegations of his complaint by way of questionnaire. *See Eason v. Thaler*, 14 F.3d 8 (5th Cir. 1994)

(requiring further development of insufficient factual allegations before dismissal as frivolous is proper); *Watson v. Ault*, 525 F.2d 886, 892-93 (5th Cir. 1976) (affirming use of questionnaire as useful and proper means for court to develop factual basis of *pro se* plaintiff's complaint). But he failed to present a logical set of facts to support any claim for relief. *See* Dkt. No. 10. Plaintiff's complaint and his answers to the Court's questions contain allegations wholly based on delusional or fanciful scenarios. Dismissal is warranted under these circumstances. *See Kolocotronis v. Club of Rome*, 109 F.3d 767 (table), 1997 WL 115260, at *1 (5th Cir. 1997) (affirming the dismissal of a complaint describing a government plot to spread the AIDS virus throughout the world); *accord Denton*, 504 U.S. at 32-33; *Neitzke*, 490 U.S. at 326-28.

## Recommendation

Plaintiff's complaint should be summarily dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed

determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 2, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE